**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARIO ARENAS MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 16-cv-04200-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR EAJA FEES**<br><br>[Re: ECF 21] |

Plaintiff Mario Arenas Mercado seeks attorneys' fees in the amount of $6,907.23 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following remand of his social security case for further administrative proceedings. Defendant Nancy A. Berryhill ("the Government") has not filed an opposition.

For the reasons discussed below, the Court finds that Mr. Mercado is entitled to attorneys' fees, but that due to a clerical error in his application the appropriate amount of fees is $6,815.68 rather than the $6,907.23 which is requested. Accordingly, Mr. Mercado's motion is GRANTED IN PART in the amount of $6,815.68.

**I.    BACKGROUND**

A detailed factual and procedural background is provided in the Court's remand order. *See Mercado v. Berryhill*, No. 16-cv-04200-BLF, 2017 WL 4029222 (N.D. Cal. Sept. 13, 2017). In brief, Mr. Mercado was diagnosed with thyroid cancer in 2001 and had a total thyroidectomy followed by radioactive iodine treatment. He received disability insurance benefits from January 2002 through November 2013, at which point benefits were terminated for reasons not explained in this record. He thereafter filed applications for disability insurance benefits and supplemental security income based on his thyroid condition and claimed mental impairments. The Administrative Law Judge ("ALJ") found that Mr. Mercado was not disabled and denied benefits in a written decision which was affirmed by the Appeals Council.

Mr. Mercado filed this action to obtain judicial review of the ALJ's adverse decision pursuant to 42 U.S.C. § 405(g). On cross-motions for summary judgment, this Court reversed the denial of benefits after concluding that the ALJ had failed to: consider all of the relevant medical evidence; resolve conflicts in the medical evidence; and make a credibility finding with respect to Mr. Mercado's testimony. The Court remanded the case for further administrative proceedings pursuant to sentence four of § 405(g).

## II. LEGAL STANDARD

Subject to exceptions not relevant here, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "party" under the EAJA is defined to include "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). A party is "prevailing" under the EAJA "if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

"The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). It is the Government's burden to show that its position "was, *as a whole*, substantially justified." *Gutierrez*, 274 F.3d at 1258-59 (internal quotation marks and citation omitted). Substantial justification requires "a reasonable basis both in law and fact." *Meier*, 727 F.3d at 870 (internal quotation marks and citation omitted). Absent a showing that its position was substantially justified, the Government must show that "special circumstances exist to make an award unjust" in order to defeat a motion for fees under the EAJA. *Gutierrez*, 274 F.3d at 1258.

If it determines that a plaintiff is entitled to attorneys' fees, the Court must decide whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). "'The most useful starting point for determining the amount of a

2

reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A district court that awards attorneys' fees need not set forth "elaborate mathematical equations," but it "must 'provide a concise but clear explanation of its reasons for the fee award.'" *Id.* (quoting *Hensley*, 461 U.S. at 437).

### III. DISCUSSION

To summarize the legal standard set forth above, "[f]or the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano*, 279 F.3d at 793.

#### A. Mr. Mercado is the Prevailing Party

Mr. Mercado satisfies the statutory definition of "party," as his net worth was less than $2,000,000 when he filed this case. Mercado Affidavit ¶ 2, ECF 21-2. He is the "prevailing" party because the denial of benefits was reversed and remanded for further administrative proceedings. *See Gutierrez*, 274 F.3d at 1257.

#### B. The Government's Position was not Substantially Justified

It is the Government's burden to show that its position was substantially justified or that special circumstances exist which would make an award of attorneys' fees unjust. *Gutierrez*, 274 F.3d at 1258-59. The Government has not met its burden, as it has not opposed Mr. Mercado's motion.

Moreover, while a plaintiff's success on the merits of a social security appeal is not dispositive of an EAJA application, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in . . . substantial . . . evidence in the record." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (internal quotation marks and citations omitted). This Court identified a number of significant defects in the ALJ's decision, based on well-established Ninth Circuit authority, which warranted remand for further administrative proceedings. *See Mercado*, 2017 WL 4029222, at *4-

3

7. Under these circumstances, the Court concludes that neither the underlying agency decision, nor the Government's defense of that decision in this litigation, was substantially justified.

**C.     Reasonable Fees**

As noted above, the starting point for determining an appropriate attorneys' fee award is multiplying the number of reasonable hours expended on the litigation by a reasonable hourly rate. *Sorenson*, 239 F.3d at 1145.

### 1.     Number of Hours

A party seeking attorneys' fees under the EAJA has the burden of submitting evidence of the hours expended in the action and establishing that those hours were appropriate. *Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1006 (N.D. Cal. 2015). "Appropriate hours include all time reasonably expended pursuing the result achieved, i.e., success on the merits and seeking recovery of attorney's fees under the EAJA." *Swan v. Colvin*, No. 15-CV-03558-JCS, 2016 WL 7048984, at *3 (N.D. Cal. Dec. 5, 2016).

Mr. Mercado seeks fees for 35.25 hours which his counsel spent on this case in 2016 and 2017. LaPorte Decl., ECF 21-1. Counsel has provided a declaration itemizing the hours worked on each task, beginning with 1.5 hours spent on initial review of the case prior to filing the complaint and concluding with .50 hours spend drafting a letter to Mr. Mercado following the Court's issuance of its remand order. *Id.* Courts in this district have approved fees for all of the listed tasks, including fees accrued prior to the filing of the complaint. *See, e.g., Swan*, 2016 WL 7048984, at *3-4; *Yesipovich*, 166 F. Supp. 3d at 1006-11. The hours expended on each task are appropriate, and there does not appear to be any duplication of fees or tasks. The number of hours claimed is well within the range of hours found by courts in this district to be reasonable for litigation of a social security appeal. *See, e.g., Swan*, 2016 WL 7048984, at *3-4 (approving 69.6 hours); *Yesipovich*, 166 F. Supp. 3d at 1011 (approving 86.77 hours).

Accordingly, the Court finds that Mr. Mercado's counsel reasonably expended 35.25 hours on this case.

### 2.     Hourly Rate

"The EAJA caps the [ ] maximum hourly rate at $125, but provides for increases based on

the cost of living." *Franklin v. Colvin*, No. 12-CV-03503-PJH, 2016 WL 4137588, at *1 (N.D. Cal. Aug. 4, 2016) (citing 28 U.S.C. § 2142 (d)(2)(A)). The Ninth Circuit maintains a table of the statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, for each year. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Jan. 12, 2018). The adjusted statutory rate is $192.68 for 2016 and $195.95 for 2017. *See id.* The Court concludes that those rates are appropriate in this case, where counsel demonstrated expertise in social security law and obtained a good result for Mr. Mercado. The courts in this district generally award fees based on the Ninth Circuit's adjusted statutory maximum rates. *See, e.g., Swan*, 2016 WL 7048984, at *3 & n.3; *Castillo v. Colvin*, No. 14-CV-03140-JCS, 2016 WL 5680162, at *4 (N.D. Cal. Oct. 3, 2016); *Franklin*, 2016 WL 4137588, at *1.

### 3. Appropriate Fee Award

Mr. Mercado seeks compensation for all 35.25 hours expended by counsel at the rate of $195.95, which is the 2017 adjusted statutory rate. However, most of counsel's work on the case was performed in 2016. The Court presumes that the failure to distinguish between hours worked in 2016 and hours worked in 2017 is the result of a clerical error. Because counsel's declaration clearly states the dates of all hours worked, however, the Court has no difficulty calculating reasonable attorneys' fees based on the appropriate statutory rates.

Counsel spent 28 hours on the case in 2016, which, when multiplied by the 2016 statutory rate of $192.68, results in a fee award of $5,395.04 for work performed in 2016. Counsel spent 7.25 hours on the case in 2017, which, when multiplied by the 2017 statutory rate of $195.95, results in a fee award of $1,420.64 for work performed in 2017. The Court therefore concludes that Mr. Mercado is entitled to an award of reasonable attorneys' fees in the total amount of $6,815.68.

### 4. Mr. Mercado's Assignment of EAJA Fees to Counsel

Mr. Mercado submits an assignment of any attorneys' fees recoverable under the EAJA and requests that such fees be paid directly to his counsel. Mercado Affidavit ¶¶ 3-4, ECF 21-2. While the Court generally is amendable to payment of the attorneys' fees award to counsel directly, certain issues must be resolved before direct payment would be appropriate.

5

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that EAJA fees are subject to offset if the prevailing party owes a government debt. Consequently, when a pre-existing government debt exists, EAJA fees are payable to the plaintiff rather than the plaintiff's attorney to ensure that the plaintiff's debt is satisfied. *Id.* at 591-97. Additionally, the Anti-Assignment Act, 31 U.S.C. 3727, prohibits assignment of "any part of a claim against the United States Government" unless certain requirements are met. Thus while courts in this district generally honor a plaintiff's assignment of EAJA fees to counsel, they generally order that the fee award is payable directly to counsel subject to any offset and conditioned on the Government's waiver of applicable requirements under the Anti-Assignment Act. This Court follows suit.

## IV. ORDER

Mr. Mercado's motion for an award of attorneys' fees under the EAJA is GRANTED IN PART in the amount of $6,815.68, which amount shall be paid directly to Mr. Mercado's counsel subject to offset of any debt that Mr. Mercado owes to the Government and conditioned on the Government's waiver of applicable requirements under the Anti-Assignment Act.

Dated: January 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge