UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO ARENAS MERCADO,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 16-cv-04200-BLF<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[Re: ECF 26] |

In this Social Security appeal, the Court granted in part Plaintiff Mario Arenas Mercado's motion for summary judgment, remanded the case for further agency proceedings, and entered judgment for Plaintiff. *See* ECF 19, 20. On remand, Plaintiff was awarded past-due disability insurance benefits in the amount of $92,491.60. *See* LaPorte Affidavit, ECF 26 at 6.[2] Plaintiff's counsel ("Counsel") has filed an application for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) and the parties' contingent-fee agreement, which provides that Plaintiff will pay attorneys' fees in the amount of 25% of past-due benefits awarded. *See* Motion, ECF 26.

The Commissioner has granted attorneys' fees in the amount of $6,000 for work performed in the administrative proceedings. *See* Notice of Award, ECF 26 at 12. Counsel now seeks additional attorneys' fees in the amount of $17,122.90 for work performed before this Court. The total of the $6,000 in fees previously granted and the $17,122.90 currently sought is $23,122.90, which is 25% of the past-due benefits award of $92,491.60.

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019 and therefore is substituted for Nancy A. Berryhill as Defendant. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] Citations are to the page numbers of the ECF filing rather than the internal page numbers of each document included within the ECF filing.

1   The Court finds that the fees sought are reasonable and it GRANTS the motion for
2   attorneys' fees in the amount of $17,122.90.

### I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Crawford*, 586 F.3d at 1147. The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

Where attorneys' fees have been awarded pursuant to the Equal Access to Justice Act ("EAJA"), the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States

1   in court, including a successful Social Security benefits claimant, may be awarded fees payable by
2   the United States if the Government's position in the litigation was not 'substantially justified.'"
3   *Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under
4   EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
5   this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must
6   refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and
7   alterations omitted).

**II.   DISCUSSION**

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent fee agreement between Counsel and Plaintiff. *See* Fee Agreement, ECF 26 at 19. The agreement provides that, subject to approval of the federal court, Counsel "shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past due benefits that are awarded." *Id.* Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. Counsel obtained an excellent result for Plaintiff. Plaintiff has submitted an affidavit acknowledging that Counsel was granted $6,000 in attorneys' fees by the Commissioner and supporting Counsel's current request for additional fees in the amount of $17,122.90. *See* ECF 32.

The Government's response to the motion states that the Commissioner takes no position on Counsel's request for fees, and that the Commissioner submits a response pursuant to his role "resembling that of a trustee" for Plaintiff. Gov't's Response at 2, ECF 28. The Government notes that based on Counsel's representation that he spent 35.25 hours on the district court proceedings, the amount requested would result in an effective hourly rate of $485.76. The Government cites *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) for the proposition that appropriate effective hourly rates for social security cases range from $187.55 to $694.44.

The Government also notes that the Court previously approved an award of EAJA fees in the amount of $6,815.68, and that the EAJA fees must be reimbursed to Plaintiff if the current fee motion is granted. Counsel's motion states that the $6,815.68 in EAJA fees currently are held in

3

trust, and Counsel acknowledges that the EAJA fees must be refunded to Plaintiff if the current motion is granted.

Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees in the amount of $17,122.90 under § 406(b) is reasonable. Plaintiff will be refunded the $6,815.68 in EAJA fees previously awarded and currently held in trust.

### III. ORDER

(1) Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $17,122.90; and

(2) Plaintiff SHALL be refunded the $6,815.68 in EAJA fees previously awarded.

Dated: May 15, 2020

_____
BETH LABSON FREEMAN
United States District Judge